OPINION OF THE COURT
Ernest L. Signorelli, J.
In this contested executor’s and trustee’s accounting proceeding, the petitioner, attorney-fiduciary of the estate, requests, in addition to the final judicial settlement of his account, that the following relief be granted: 1) that the court approve, nunc pro tunc, legal fees, in the amount of $13,000 which he paid to himself, for the period of January 3, 1964 through July 14, 1966, and 2) that the court fix and allow the balance of his legal fees in the amount of $5,000 plus statutory commissions. In addition, the parties seek to have the court determine the issues of distribution of the principal of the trust and construction of the will.
Jurisdiction was obtained over the necessary parties to the proceeding, and thereafter, on the return date of the citation, objections to the account were filed by the remaindermen of the subject trust, who claimed that the manner in which the fiduciary proposed to distribute the principal of the trust estate was not in accordance with the terms of the decedent’s will. After a pretrial conference, the parties agreed to submit the issue of distribution and construction of the will to the court upon an agreed statement of facts and the following documents: the last will and testament of the decedent, the executor’s and trustee’s accounting petitions, the objections to the accounting, and memoranda of law.
The decedent died testate on the 21st day of June 1963, survived by one son, two natural grandchildren of a predeceased son, and two adopted grandchildren. On the 22nd day of July 1963, her last will and testament dated February 11, 1960 was admitted to probate and letters testamentary and of trusteeship issued to the petitioner herein, who duly qualified and continues to qualify as fiduciary of her estate.
Pursuant to the provisions of article third of her will the decedent devised and bequeathed the residue of her estate, in trust, for the benefit of her son Paul during his lifetime. Upon the death of her son Paul, the decedent directed that the principal of the trust estate be disposed of as follows: "Upon the death of my said son paúl c. cavanagh, my Trustee shall pay over and distribute the then principal of the trust fund in equal shares to my grandchildren Arthur j. cavanagh, ethel *828 A. CAVANAGH, JR., and KATHERINE g. cavanagh, and any children of my son paúl c. cavanagh, provided that if any of my said grandchildren shall have died prior to the date of the termination of the trust, leaving issue then surviving, such issue shall take in equal shares the share which the parent would have taken had he or she then been living.”
At the time of the execution of the testatrix’ will, Paul, the income beneficiary, was 51 years old and was married to his third wife. None of his marriages had produced natural children. However, in December of 1969, the income beneficiary adopted the two children of his fourth wife, Edna Alexander Cavanagh. Ethel A. Cavanagh, niece of the income beneficiary and 1 of the 3 named grandchildren in article third of the will, predeceased the testatrix leaving no issue. Thereafter, the income beneficiary died, survived by his fourth wife, Edna, and his adopted children, Edward and Jean.
The objectants, Kathleen McKee and Arthur Cavanagh, natural grandchildren of the testatrix, contend that Paul Cavanagh, the income beneficiary, was not survived by children within the meaning of article third of the will, on the ground that the "precautionary addendum”, Domestic Relations Law § 117, operates to exclude the adopted children of the income beneficiary from an interest in the distribution of trust assets. The objectants, Edward Alexander and Jean Alexander Cavanagh, adopted grandchildren of the testatrix, contend that they are permissible beneficiaries of the article third trust on the grounds that the terms thereof effectuate a class disposition of the principal and the precautionary addendum is not applicable to class gifts. Alternatively, objectants argue that the operation of the precautionary addendum must be strictly construed and limited to cases where only the act of adoption eliminates a remainder interest. Inasmuch as the terms of article sixth of the testatrix’ will authorize the trustee to invade the principal of the trust estate for the benefit of her son Paul, the objectants maintain that the rights of the entire class of remaindermen could have been defeated in the discretion of the trustee, and not simply by the adoptions alone.
The statutory precautionary addendum, Domestic Relations Law § 117 (formerly Domestic Relations Law § 115), applicable to wills of persons dying before March 1, 1964 operates to prevent the rights of remaindermen from being terminated where such rights would not otherwise be defeated but for an adoption (Matter of Gardiner, 69 NY2d 66, 73). It read as *829 follows: "As respects the passing and limitation over of real or personal property dependent under the provisions of any instrument on the foster parent dying without heirs, the foster child is not deemed the child of the foster parent so as to defeat the rights of remaindermen”. Although the purpose of the statute was to prevent fraud with respect to the rights of remaindermen through the device of adoption (Matter of Upjohn, 304 NY 366, 378) the Legislature, nevertheless, apparently intended that adopted children should be included in simple class or remainder dispositions where there was no further limitation over to alternate substitutionary remaindermen (Matter of Lawrence, 86 Misc 2d 579, 583). Accordingly, in recent cases, the precautionary addendum has been held not to preclude an adopted child from sharing equally with a natural child in a class gift (Matter of Silberman, 23 NY2d 98; Matter of Johnson, 17 NY2d 448; Matter of Park, 15 NY2d 413). In these cases where the foster parent also had a biological heir, the distinction has been made that in no event would the foster parent have died without heirs (Matter of Park, supra, at 419), but the more important distinction to be made is that the passing of property to remaindermen was not defeated by an adoption alone. Indeed, if there exists some other way by which the interests of the remaindermen might be defeated, the precautionary addendum has been held not to preclude inheritance by the adopted child (Matter of Gardiner, supra, at 74).
In the instant case, the existence of unlimited power in the trustee to invade the trust principal on behalf of the income beneficiary, coupled with the strong likelihood that the testatrix’ disposition to her grandchildren was a class gift, compels the conclusion that the adoptions, alone, did not defeat or cut off the rights of the remaindermen. Therefore, the precautionary addendum is not applicable under these facts to preclude the adopted grandchildren from sharing equally with the natural grandchildren in the distribution of trust assets (cf., Matter of Gardiner, supra).
With respect to the petitioner’s request for court approval, nunc pro tunc, of the advance payment of counsel fees, in view of the fact that no one has appeared in opposition to the relief requested by the petitioner, the petitioner’s request for court approval of the advance payment of counsel fees is granted. However, notwithstanding the fact that objections have not been filed in opposition to the attorney-fiduciary’s conduct, it is well settled that an attorney-fiduciary is not *830 authorized to make any payment to himself on account of counsel fees without prior court authorization (SCPA 2111 [1]). Ordinarily, the attorney-fiduciary would be surcharged for each improper payment. However, the court notes that the petitioner has waived his executor’s commissions, and, accordingly, no surcharge is imposed.
Finally, the sums requested by the petitioner as and for attorney’s fees for all services rendered and to be rendered, including settlement of the decree herein and distribution thereunder, are allowed.